## Gibson, Appellant, *v.* Erie Railroad Company.

*Negligence—Railroads—Grade crossings—"Stop, look and listen"—Contributory negligence—Case for jury.*

In an action against a railroad company to recover damages for personal injuries sustained at a grade crossing as a result of a collision between a hand car and plaintiff's buggy, the question of plaintiff's contributory negligence is for the jury where the evidence shows that at the crossing in question there were four tracks belonging to one railroad, and twelve feet beyond these, two tracks belonging to another railroad which was the defendant in the suit; that the safety gate was up and no signal was given by the watchman; that on the tracks of the first railroad company were some standing cars which obstructed the view of defendant's tracks; that plaintiff stopped at a proper place before going upon any of the tracks, looked and listened and saw no cars approaching; that he then drove on at a trot looking and listening with care, but without further stopping; and that when his horse had passed over the twelve foot space and had cleared the tracks of the defendant, the buggy was struck by the hand car which gave no signal of its approach.

Argued April 15, 1913. Appeal, No. 19, April T., 1913, by plaintiff, from judgment of C. P. Crawford Co., Nov. T., 1911, No. 45, for defendant non obstante veredicto in case of Samuel J. Gibson v. Erie Railroad

Company.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.  Reversed.

Trespass to recover damages for personal injuries. Before PRATHER, P. J.

At the trial the jury returned a verdict for plaintiff for $500.  Subsequently the court entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*Frank J. Thomas*, with him *Albert L. Thomas*, for appellant.

*George F. Davenport*, for appellee.

OPINION BY ORLADY, J., July 16, 1913:

This action was brought to recover damages for personal injuries to the plaintiff and his property received at a public grade crossing of the defendant's railroad tracks in the city of Meadville, Pennsylvania.  A verdict was rendered in the plaintiff's favor, but which was set aside and judgment was entered in favor of the defendant after a hearing on a rule for judgment non obstante veredicto.

The plaintiff was familiar with this grade crossing, having used it for a number of years.  It consisted of four tracks of the Bessemer railroad, placed close together, and to the eastward from these and about twelve feet distant therefrom, the defendant company had two railroad tracks.  Before entering upon the crossing the plaintiff led his horse out on to the street where he could get a better view of the tracks, looked in both directions and listened for an approaching train.  He noticed that at the Mead avenue crossing, but a short distance away, the protecting gates were up, indicating that trains were not approaching from that direction.  A number of box cars were standing on all four of the Bessemer tracks, and these

obstructed his view of the Erie tracks.  He looked over the cars for steam or smoke and under the cars without seeing or hearing anything to indicate the approach of a train.  He got into his buggy, looked again and started on a trot eastward across the tracks, keeping a constant watch in both directions.  A watchman was on duty at the other end of the crossing but was in his house or shanty that was located close to the tracks, and he gave no signal of an approaching train.  The plaintiff succeeded in crossing the Bessemer tracks, and after passing the last row of cars on these tracks he passed over the twelve foot space, adjoining the tracks of the defendant railroad and while on the track, a hand car coming from the north at a rapid rate struck the buggy, when the plaintiff was thrown out and injured.  No signal of any kind was given to indicate the approach of the hand car.

The jury was instructed in answer to points presented that if the employees of the defendant company were negligent in their approach of the Pine street crossing with the hand car, yet, if the plaintiff was guilty of negligence in his manner of approaching the Erie track, no matter how slight his negligence, he could not recover.  And further, that if the jury believed from the evidence that the plaintiff, by the use of reasonable care under the circumstances, could have saved himself from injury, he was not entitled to recover.

We cannot agree with the conclusion reached by the learned trial judge in entering judgment for the defendant, for the reason that the rule laid down by him is more severe than is required by the decisions.  While there was no movement of trains on the Bessemer tracks, it was not correct to say that, "Apparently there was no apprehension that there would be."  The plaintiff had a right to expect that these cars might be moved at any moment, and it was his duty to pass over the crossing promptly and speedily.

A jury might reasonably find that he exercised every precaution required of one about to cross the tracks of a

railroad, in first stopping, looking and listening for an approaching train. The trial judge held: " That the stop relied upon by the plaintiff was but a nominal and irrational, and not a substantial compliance, and, therefore, it does not satisfy the obligation the law imposes upon him, and if such stop did satisfy the rule, the driving therefrom at a fast trot without stopping either at the Bessemer track or after crossing the last one, was negligence, and under the circumstances no other inference can be drawn from it, hence, it became a question of law for the determination of the court, and further, if there was no available point to stop to get a view of the defendant company's tracks until he passed the fourth Bessemer track, it became his duty to stop, and he was negligent in not doing so."

The plaintiff testified, "It was a clear sunshiny day, there was no movement of trains that one could see or hear when I looked, it was all quiet. I was listening and looking all the time. I heard no noise. I could not see on the Erie until I got past the Bessemer cars, when I got past the Bessemer cars the horse was on the Erie track, the hand car was on me in an instant, coming at a furious rate." The horse crossed the track in safety and the hand car struck the body of the buggy. The place where he stopped to look and listen was admittedly a proper one. Having exercised reasonable precaution before entering upon these six tracks, it was a question of fact for the jury, and not one of law for the court, to say whether he should stop again before entering the twelve foot space between the Bessemer and Erie tracks, when there was nothing to indicate either by sight or sound that the Erie tracks were occupied. The open gates at a near crossing, and the inaction of the watchman at the other side of the Erie tracks, would not excuse him from exercising care according to the circumstances, but the plaintiff insists that in addition to these tacit invitations to enter upon the tracks he did exercise special care to avoid an accident, and as said in Barthelmas v. Ry. Co., 225 Pa. 597, having once

entered upon the first track without violating any fixed rule and other tracks remaining to be crossed, the duty continued with the plaintiff to be watchful to the end. But even in this case the law defines no particular act that he must do to avoid the imputation of contributory negligence, except, that if any intervening space between any of the tracks offers, where with safety to himself he can have liberal opportunity for seeing and hearing, it is his bounden duty to stop, look and listen, quite as much as he was bound to stop, look and listen before entering upon the first track. But how are we to know it was a safe place? There may be circumstances making it perfectly safe to stop with a wagon on railroad tracks, but these are certain exceptional cases. We know that one is safe from an approaching train if he stop at a reasonable distance from the track, and because this is so evidently true, the law is imperative that he shall so stop; because safety in stopping on a track or tracks is not always safe, the law establishes no rule requiring it. Here again the measure of one's duty is determined by no fixed standard and the question of negligence becomes one of law and fact, which the jury alone can determine.

Had the plaintiff stopped on the last Bessemer track and been injured by a car moving on it, his right to recover would be seriously affected by his placing himself in a position of apparent danger, however much he might urge that it was the proper place for him to look for an approaching train on the Erie tracks. Having once entered upon the tracks there was no place where he could stop and have his horse and buggy clear of a track. There was not sufficient room to stop and have both buggy and horse clear of the rails between the Bessemer and Erie tracks. To have stopped his horse, left his buggy standing on the Bessemer tracks while he went forward to look along the Erie tracks, might be held by a jury to be as unreasonable as it would be dangerous. He was in a place of peril, with standing cars along the whole distance of the crossing, and a jury would rightfully conclude that getting over

the tracks as rapidly as possible was the prudent, common-sense course for him to pursue.

The negligence of the defendant must be conceded in occupying the grade crossing by a rapidly moving hand car without notice of any kind of its approach. There is no dispute as to what the plaintiff did do. Whether that was reasonable care under the circumstances was for the jury to determine and their conclusion was fully warranted by the evidence. It was error to direct judgment non obstante veredicto.

This judgment is now reversed with the costs, and judgment is directed for the plaintiff on verdict.